■ In the Matter of the Claim of HELEN R. MURPHY, Respondent, against NIAGARA MOHAWK POWER CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board which awarded disability compensation to the claimant widow for various periods between November 20, 1954 and February 10, 1955, and for death benefits following the employee's death on the last-mentioned date. The employer is engaged in the business of furnishing power and light, with its principal office located in Albany, New York and decedent worked for the employer for some 25 years in the capacity of a serviceman. On October 19, 1954 when decedent was towing a disabled truck in the course of his employment he became unconscious and the truck went into a ditch. Decedent suffered from bruises, and there is medical testimony to support a finding that he suffered from a cerebral concussion and brain injury as the result of this accident. After he returned to work on November 29, 1954 he complained of severe headaches which he had suffered after the accident mentioned. On December 29, 1954 he suffered some kind of a major convulsive disorder which caused him

to fall to a sidewalk. This fall resulted in a skull fracture and a further injury to the brain, all of which caused his death on February 10, 1955. Decedent's medical history indicated that he had recurrent pancreatitis for about 14 years prior to his first accident, and this condition undoubtedly caused him to become unconscious while towing a truck. While in a sense this accident was idiopathic nevertheless in view of the nature of his work at the time any injuries he sustained as a result thereof would be compensable and serve as a link in a chain of causal connection relating to his death. There was medical proof from decedent's attending physician that decedent never complained of a head condition or headaches prior to the first accident but constantly made complaints thereof after the accident. Furthermore there is substantial medical opinion in the record that the major convulsive disorder which caused decedent's last fall was related to injuries in the brain received at the time of the first accident. Of course there is medical testimony to the contrary, but in view of this conflict only an issue of fact was presented for the board to determine. The opinion evidence presented on behalf of the claimant cannot be rejected as a matter of law. In view of the conflicting medical testimony, and the nature of the claim presented, appellants asked the board to refer the case to an impartial specialist for a report on the issue of causal relationship. The board declined to do so and appellants cite this refusal as reversible error. Under the statute it is discretionary with the board as to whether any particular case should be referred to an impartial specialist and unless the board's determination in this regard is clearly arbitrary or capricious no issue of law is presented upon review. In view of the rather exhaustive medical testimony supporting causal relation it does not appear that the board's determination in this respect can be classified as an abuse of discretion. Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.