■ In the Matter of the Claim of BEVERLY DONER, Respondent, v SYRACUSE CHINA CORPORATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J.

The sole issue on this appeal is the substantiality of the medical evidence supporting the Workers' Compensation Board's factual finding that claimant's disability after February 10, 1982 was causally related to an industrial accident of January 4, 1982.

Claimant was employed by Syracuse China Corporation as a "stamper". As a "stamper", claimant pulled stacks of dishes, weighing between 15 and 20 pounds, from a conveyor belt using her left hand. She then flipped each dish from the stack with her left hand, stamped the bottom of the dish, turned the dish back over and placed it on a stack of dishes which she then pushed onto a moving conveyor belt. On January 4, 1982, claimant was performing the aforedescribed work when she suddenly experienced pain and swelling in her left wrist. Within two hours, claimant was treated by her family physician, who found her to be totally disabled due to tendinitis. On January 7, 1982, the employer reported claimant's injury to the Board. On April 18, 1982, a hearing officer established "accident, notice and causal relationship for left wrist" and awarded claimant total disability benefits, $204.52 per week, from January 5, 1982 through February 10, 1982 and continued the case "one year for Final Adjustment". The employer and carrier (hereinafter the employer) did not seek Board review of these findings and do not contest them on this appeal.

Between January 1982 and January 1983, claimant received treatment from two orthopedic surgeons and a thoracic surgeon. While each doctor concluded that claimant's symptoms resulted from her compensable accident and prevented her from returning to work, they disagreed in their diagnosis of her condition.

On January 28, 1983, the employer filed a notice of controversy, contending that claimant's disability and treatment

after February 10, 1982 is not causally related. The employer's and claimant's attorneys requested the Hearing Officer to refer claimant to an impartial specialist who would conduct an orthopedic and thoracic examination and render an opinion on the issues of diagnosis, causal relationship and treatment. Dr. Louis Retz, a specialist in orthopedic surgery, examined claimant at the Hearing Officer's request and filed a report dated April 26, 1983 wherein he stated that her physical condition was directly related to her accident on January 4, 1982. Dr. Retz diagnosed claimant's condition as either cervical dorsal outlet syndrome or plexitis. Thereafter, Dr. Retz expressed these same views in testimony before the Hearing Officer. At the close of the testimony, counsel for the employer asked the Hearing Officer to refer claimant to another physician who actually performs surgery for thoracic outlet syndrome. The Hearing Officer refused and awarded claimant partial disability benefits from February 10, 1982 to October 20, 1982, and total disability benefits from October 20, 1982 through September 20, 1983. This appeal ensued.

The employer primarily challenges the Board's decision to accept the qualifications and credit the testimony of Dr. Retz and its denial of their request to further develop the record.

We find the employer's contention to be without merit. The Board's decision to select Dr. Retz as an impartial specialist pursuant to Workers' Compensation Law § 13 (e) lies exclusively within the Board's discretion and will be upheld if reasonable (see, Matter of Murphy v Niagara Mohawk Power Corp., 9 AD2d 805, 806). The employer authorized the Board to refer the case for expert orthopedic and thoracic opinion on the issues of diagnosis, causality and treatment. Dr. Retz's expertise in the field of orthopedic surgery was conceded by the employer and this expertise qualified Dr. Retz to give an expert opinion on the condition known as thoracic outlet syndrome despite his admission that he "does not perform the surgery because most of the surgery at present is now referred to thoracic surgeons". This case does not involve a question of liability based on a need for surgery. Only a question of diagnosis and treatment is at issue. Accordingly, Dr. Retz's conceded expertise qualified him to make a diagnosis and enabled the Board to conclude that his professional decision not to perform surgery and refer such matters to thoracic surgeons had no bearing on whether he was qualified to testify as an impartial specialist. The record is clear that Dr. Retz's opinion in favor of causal relationship has a rational basis. The Board's conclusion that Dr. Retz's opinion both as to

diagnosis, causal relationship and treatment was probative lies within its exclusive jurisdiction *(see, Matter of Murtagh v St. Theresa's Nursing Home,* 84 AD2d 587).

Finally, we also conclude that the Board reasonably exercised its broad discretion in denying the employer's request to permit them to present the testimony of Dr. Phillip Ikins and Dr. Martin Wynyard. The employer had ample opportunity after controverting the case in January 1983 to obtain the testimony of these physicians, who had filed conflicting reports in 1982 with the Board. The employer decided to forego this opportunity and instead agreed with claimant to request the appointment of an impartial specialist. In our view, the employer's request represented nothing more than a belated attempt to avoid the consequence of their earlier and mistaken decision to rely on the possibility that the impartial specialist would render an opinion in their favor.

Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.